(21 App. Div. 8.)

W. & B. DOUGLAS v. McDERMOTT et al.

(Supreme Court, Appellate Division, Second Department. October 5, 1897.)

1. ACTION FOR FRAUD—COMPLAINT.
    In an action based on fraudulent representations by defendant to plaintiff, it is essential to show that plaintiff believed them to be true; but an allegation in the complaint that plaintiff relied and acted on the representations imports belief in them, and it is not essential to also allege his belief in terms.

2. EVIDENCE—DECLARATIONS OF CO-CONSPIRATORS.
    Where a cause of action is based on an alleged confederation of defendants in a transaction to defraud, conducted apparently by only one, or a portion only, of those who are sought to be charged, they cannot legitimately be prejudiced by any evidence of the declarations of others charged with the alleged conspiracy, until they are, by evidence, shown to have been in the relation of conspirators.

3. SAME.
    Declarations by one defendant in relation to another, made subsequently to the unlawful transactions in question, unaccompanied by any act relating to the fraudulent enterprise, and no part of the res gestæ, are not available to charge the latter with the relation of conspiracy with the former in those transactions.

Appeal from trial term, Suffolk county.

Action by W. & B. Douglas against Charles J. McDermott and others. From a judgment entered on a verdict, and from an order denying a new trial, defendants appeal. Reversed.

The plaintiff alleged, and the defendants, by their answer, admitted, that the plaintiff was a corporation, created pursuant to the laws of the state of Connecticut, having its permanent office in the city of New York, and engaged in the manufacture and sale of patent pumps, hydraulic rams, garden engines, hydrants, etc.; that the defendants North American Rubber Company and Liberty Rubber Shoe Company were corporations, having their factories and head offices at Setauket, in the county of Suffolk, N. Y.; that the defendants Edwin Elberson and Joseph W. Elberson were members of the board of directors of each of those defendant corporations; that Joseph W. Elberson was president and superintendent of each of them, and that Edwin Elberson was secretary and treasurer of the Liberty Rubber Shoe Company. The plaintiff also alleged that in August, 1895, the defendant McDermott represented to the plaintiff that the Iroquois Rubber Company was a duly-organized corporation, engaged in the manufacture of druggists' sundries, mystic corset pads, dress shields, etc., having its factories and general office at Setauket, N. Y., and having a New York office; that its president was J. M. Hayes, its general manager Washburne, and its superintendent Scoville; that thereafter, in August and September, 1895, the defendant McDermott, under the name of the Iro-

quois Rubber Company, designating himself as its superintendent, applied to the plaintiff for the purchase of pumps, pipes, and appliances, and that the plaintiff, relying upon his representations, so made, sold to him, under the name of such company, such goods, and delivered them at Setauket, N. Y., amounting to $118.82, which he, acting in the name of such company, promised to pay; that plaintiff has since learned that the so-called Iroquois Rubber Company never had any existence, and that the names of Hayes, Washburne, and Scoville, mentioned as having such relations to it, were fictitious; that the name of Iroquois Rubber Company was adopted by all the defendants for the fraudulent purpose of procuring goods without paying for them; that defendant McDermott so acted under the fictitious name of the so-called company, and made false representations, with the collusive knowledge, request, and concurrence of the other defendants, for the purpose of procuring supplies for the two defendant corporations and the defendants Elberson, and for the joint benefit, advantage, and profit of them and McDermott, and for the purpose of defrauding others, and that the goods so procured from the plaintiff were delivered by defendant McDermott to the defendants, and received by them, knowing that they had not been paid for, and with the purpose and intent of cheating and defrauding the plaintiff; and that the defendants have wrongfully taken and converted such goods, and· have been guilty of fraud. All the allegations of the complaint other than those so admitted were put in issue by the defendants' answers.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Thomas J. Ritch, Jr., for appellants.

Samuel S. Watters, for respondent.

BRADLEY, J.   The action was founded on alleged fraud and conspiracy on the part of the defendants.   In the outset of the trial, the question whether the complaint stated facts sufficient to constitute a cause of action was raised by motion, in which all the defendants united, to dismiss the complaint.   It is urged that it failed to state all the facts essential to a cause of action in fraud.   The main omission relied upon is that the plaintiff did not allege, in terms, that it believed the representations charged to have been made to it to be true.   This is an allegation usually made, and it is a fact essential to fraud; but the allegation that the plaintiff relied upon such representations, and acted upon them, fairly imports belief that they are true.   This was substantially alleged in the complaint; also that the goods in question were received and retained by the defendants with the intent on their part of cheating and defrauding the plaintiff. These, with other allegations, to which it is unnecessary here to refer, were sufficient to support the complaint as charging a cause of action.   Brackett v. Griswold, 112 N. Y. 454, 20 N. E. 376; Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263; Kain v. Larkin, 141 N. Y. 144, 36 N. E. 9; Sage v. Culver, 147 N. Y. 241, 41 N. E. 513.

In turning to the evidence, aided by matters alleged in the complaint and admitted by the answer, it appears that at the time in question the factories of the two defendant corporations were in the same neighborhood at Setauket, N. Y.; that the defendants Elberson were members of their boards of directors; that the defendant Joseph W. Elberson was the president and superintendent of both of them, and that the defendant Edwin Elberson was the secretary and treasurer of the Liberty Rubber Shoe Company; and it may be inferred from the evidence that the so-called Iroquois Rubber Company had

47 N.Y.S.—22

no existence, nor can it be seen that the pretense that there was such a company was founded upon any good or legitimate purpose. It evidently was deliberately contrived to mislead and deceive somebody. Letter heads were printed, containing the names of J. M. Hayes, president, E. S. Washburne, general manager, G. H. Scoville, superintendent, of Iroquois Rubber Company, manufacturers of numerous articles mentioned, "Factories and General Offices, Setauket, N. Y." With that display of heading, orders were drawn and sent out by defendant McDermott for goods to be delivered at Setauket. The orders were subscribed with the name of Iroquois Rubber Company, per himself, as superintendent. Such were the orders which came to the plaintiff for goods delivered by it. The goods were sent by the plaintiff to that place, as requested by the orders, and they were delivered there, as the evidence tends to prove. There is usually some difficulty in proving the confederation of parties in a transaction to defraud, conducted apparently by only one, or a portion only, of those who are sought to be charged; and, until they are by evidence shown to have been in the relation of conspirators, they cannot legitimately be prejudiced by any evidence of the declarations of others charged with the alleged conspiracy. Cuyler v. McCartney, 40 N. Y. 221; Place v. Minster, 65 N. Y. 89.

The statement made in the headings of the orders made upon the plaintiff for the goods constituted the representations upon which the plaintiff relied in selling and delivering the goods so ordered, and those representations were so made by the defendant McDermott. They were false, intended as deceptive means to get the goods, and were made to cheat and defraud the plaintiff. The evidence tends to prove the connection of the defendants Joseph W. Elberson and the North American Rubber Company, through his management, with the defendant McDermott in the scheme; that the latter had his office in the factory building of that company at Setauket, from which he issued those orders for goods; and that the defendant Joseph W. Elberson was advised that he was getting goods on such orders in the name of the fictitious company before mentioned, and some of the goods so purchased were in the factory of that company, and about its premises. The plaintiff was not the only victim of such orders for goods; and, when his attention was called to the delivery of some of them on such orders, the defendant Joseph W. Elberson stated that he had given McDermott some money to pay on account of them, and that he would see that such party got his pay on the bills referred to, and he finally said he would settle the bills of that party at 50 per cent., and he added that he would do it out of friendship for McDermott.

While the evidence was sufficient to warrant the conclusion that the defendants Joseph W. Elberson and the North American Rubber Company were concerned with McDermott in the fraudulent scheme, there was not sufficient evidence to bring the defendants Edwin Elberson and the Liberty Rubber Shoe Company into that relation. It is true that both defendant corporations may have been mainly under the united control and management of the defendants Elberson, and that the goods obtained upon such orders in the name of the Iro-

quois Rubber Company were legitimate for the uses of both of those corporations; but there was no evidence implicating the defendant Edwin Elberson personally in the transactions, and none effective to show that the Liberty Rubber Shoe Company was concerned in it. The declarations afterwards made by McDermott relating to that company, unaccompanied by any act relating to the fraudulent enterprise, and no part of the res gestæ, were not available to charge it with the relation of complicity with him in the unlawful transactions in question.  1 Greenl. Ev. § 108; 3 Greenl. Ev. § 94; Guaranty Co. v. Gleason, 78 N. Y. 503; People v. McQuade, 110 N. Y. 286, 18 N. E. 156.

As against the defendants Charles J. McDermott, the North American Rubber Company, and Joseph W. Elberson, the judgment and order should be affirmed, and, as to the other defendants, the judgment and order should be reversed, and a new trial granted; costs to abide the event.  All concur.